**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:1:26-cv-20674-GAYLES**

**UNA L. MEIER**,

Plaintiff,

v.

**PRINCESS CRUISE LINES, LTD.**
**d/b/a PRINCESS CRUISES**
**a Foreign Profit Corporation**,

Defendant.
_________________________________/

# ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion"). [ECF No. 12]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

Plaintiff Una L. Meier ("Plaintiff") brings this action for injuries she incurred while a passenger aboard Defendant Princess Cruise Lines, Ltd.'s ("Defendant") vessel, the *Grand Princess* ("Vessel"). [ECF No. 1]. Around 3:00 a.m. on February 26, 2025, Plaintiff was walking in her cabin when the Vessel suddenly and violently rocked. *Id.* p.4 ¶ 15.[1] Plaintiff struck her head on the nightstand before collapsing to the floor and fracturing her femur. *Id.* p.4 ¶¶ 15–16. In the hours before the accident at issue, "passengers were informed that the [Vessel] would be 'making

[1] Plaintiff incorrectly numbered the paragraphs in the Complaint [ECF No. 1], leading to duplicate paragraph numbers. For clarity, the Court's citations to the Complaint include a page number in addition to a paragraph number.

up time' due to a prior delay caused by a medical emergency, signaling that the ship would be adjusting its speed or course during the night." *Id.* p.4 ¶ 14. Onboard sensors and forecasts available to Defendant indicated that at the time of Plaintiff's injury, the Vessel encountered "conditions likely to produce [] abrupt and hazardous ship motions . . . ." *Id.* pp.7–8 ¶ 22.

The Complaint alleges direct and vicarious claims against Defendant for negligent navigation (Counts I and II), negligent failure to maintain (Counts III and IV), and negligent failure to warn (Counts V and VI), as well as additional direct claims for negligent training of personnel (Count VII), and negligent design, construction, and selection of materials (Count VIII). According to Plaintiff, Defendant and its employees breached their duty to her by, among other things, (1) failing to "plan safe passages and adjust speed and/or course to reflect weather routings, forecasts, actual conditions and/or the ship's stability/roll characteristics . . . ," *see* Counts I and II; (2) failing to maintain the Vessel in a safe, stable condition through actions like "inspect[ing], maintain[ing] and repair[ing] shipboard stabilizers and related control systems in accordance with industry standards, manufacturer guidelines and/or class requirements," *see* Counts III and IV; and (3) failing "to warn guests of . . . anticipated rough seas, ship motions, and operational maneuvers likely to cause violent motion . . . ," *see* Counts V and VI. Plaintiff further alleges that Defendant "failed to reasonably implement or operate its training programs[,]" *see* Count VII, and "failed to reasonably design and/or construct, select, approve the materials onboard the [Vessel]," *see* Count VIII.

Defendant has moved to dismiss, arguing that (1) all Counts must be dismissed because vessel movement is an open and obvious danger; (2) Counts III, IV, V, and VI must be dismissed because they are impermissible negligent mode of operation claims; and (3) Count VI must be dismissed because Plaintiff failed to identify how Defendant's employees breached a duty to warn.

## STANDARD

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Therefore, a complaint that merely presents "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.* (internal quotation omitted).

## DISCUSSION

### A. Open and Obvious Danger

Defendant argues that all of Plaintiff's claims must be dismissed because the movement of the Vessel is an open and obvious danger. But case law within the Eleventh Circuit suggests that while the open and obvious nature of hazardous conditions may bar negligent failure to warn claims, it does not bar other types of negligence claims. *See Carroll v. Carnival Corp.*, 955 F.3d 1260, 1264, 1268 (11th Cir. 2020) (noting that the "open and obvious nature of a dangerous condition negates liability for failure to warn" but only serves "as a factor to be considered in a

comparative fault analysis — not as a bar to liability [—] for [negligent maintenance claims]"); *Kulakowski v. Royal Caribbean Cruises, Ltd.*, No. 16-21375-CIV, 2017 WL 237642, at *2 (S.D. Fla. Jan. 18, 2017) (finding that an open and obvious danger warranted dismissal with prejudice of plaintiff's failure to warn claim but not for plaintiff's other negligence claims). Accordingly, the Court only addresses Defendant's open and obvious argument with respect to Plaintiff's duty to warn claims.

"An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious. In evaluating whether a danger is 'open and obvious' [courts] are guided—as in general tort law—by the 'reasonable person' standard." *Carroll*, 955 F.3d at 1264 (internal citations and quotation marks removed). Reasonable people know that boats may be "prone to sudden caused by the currents, the wind, the wakes of other boats, the movements of its passengers, and sometimes wildlife." *The Complaint of Bos. Boat III, LLC v. Galioto*, No. 13-62116-CIV, 2015 WL 5444162, at *6 (S.D. Fla. Sept. 16, 2015). Thus, there is no duty to warn about the danger of falling in response to boat movements caused by typical occurrences at sea.

Plaintiff, however, has not alleged that Defendant and Defendant's employees failed to warn her about typical occurrences at sea, but that they failed to warn her about atypical events creating a heightened risk of falling. *Cf. Frasca v. NCL (Bahamas), Ltd.*, 654 F. App'x 949, 952 (11th Cir. 2016) (reversing the district court's decision to grant summary judgment because while "a reasonable person would have known that the deck would be slippery," the plaintiff introduced evidence suggesting that "the deck in question is *unreasonably* slippery when wet . . . [so] a reasonable jury could conclude that the degree of slipperiness on the deck was not open and obvious") (emphasis original). Specifically, Plaintiff alleges that the Vessel had planned to

increase speed during the night of the injury[2] and that onboard sensors showed a "clear escalation in ship motion in the hours leading up to approximately 3:00 a.m. This real-time data showed that conditions were deteriorating and that passengers were at risk of being destabilized inside their cabins." [ECF No. 1 pp.5–6 ¶ 19; pp.7–8 ¶ 22]. Plaintiff sufficiently alleges conditions that created an unusually high risk of falling, beyond the open and obvious danger of being aboard a ship at sea. Accordingly, the Court denies Defendant's Motion on this ground.

**B. Impermissible Negligent Mode of Operation Claims**

Florida law recognizes negligent mode of operation claims that focus on the defendant's general operational practices and does not require the defendant to have notice of the hazardous conditions that harmed the plaintiff. *Malley v. Royal Caribbean Cruises Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) (per curiam) (citing *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260–61 (Fla. 2002)). But the parties agree that admiralty law governs this dispute. And under admiralty law, a breach of the duty of reasonable care requires that the defendant had actual or constructive notice of the risk-creating condition. *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021). Thus, negligent mode of operation claims recognized under Florida law are not cognizable under admiralty law. *Malley*, 713 F. App'x at 910.

Plaintiff's negligent failure to maintain claims (Counts III and IV) are directed at Defendant's general operational practices, such as the maintenance of ship instruments. These claims raise the same theory of negligence as that of Florida mode of operation claims. The claims fail because the analysis of whether Defendant's and its employees' operational practices breached a duty of care does not depend on their notice of the dangerous conditions that existed the night of

[2] In the hours before the injury at issue, passengers learned of Defendant's intent to "mak[e] up time." [ECF No. 1 p.4, ¶ 14]. The Court finds, however, that a reasonable person would not recognize, without more information, that the intent to make up time would create a heightened risk of falling. Therefore, Plaintiff's awareness of the intent to make up time is insufficient to render open and obvious the risk posed by the conditions on the night of the injury.

the injury. Thus, Counts III and IV must be dismissed with prejudice because they cannot succeed under admiralty law.

Defendant also argues that Plaintiff's negligent failure to warn claims (Counts V and VI) should also be dismissed because they sound in impermissible negligent mode of operation claims. To the extent that Plaintiff alleges negligence caused by failures to impose or follow operational practices (such as alleging Defendant's and its employees' failure to "to adjust housekeeping/cabin protocols including advising to secure nightstands . . . ," [ECF No. 1 pp.21–22 ¶ 28; p.22 ¶ 30; p.24 ¶ 35; p.26 ¶ 40]), Plaintiff is raising the same theory of negligence described above. But Plaintiff's failure to warn claims are, for the most part, different than her failure to maintain claims. They are primarily premised on the argument that a duty is breached once a ship operator or employee *has notice* of conditions causing a heightened risk of falling and subsequently fails to warn passengers. Because this failure to warn theory requires that the tortfeasor had notice of a dangerous condition, it does not emulate a Florida negligent mode of operation claim.

Accordingly, Counts V and VI[3] are also dismissed with prejudice to the extent that they allege negligence arising from Defendant's or its employees' failure to impose or follow standard operational practices, but not to the extent that they allege negligence arising from Defendant's or its employees' failure to warn Plaintiff after learning of the dangerous conditions at issue. [4]

**C. Failure to State a Claim for Vicarious Liability for Negligent Failure to Warn**

"When the tortfeasor is an employee, the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of that employee acting within the

[3] As explained in the following section, Plaintiff does not properly allege that Defendant's employees had notice of the conditions causing a heightened risk of falling. Because of this deficiency, Count VI is dismissed without prejudice.
[4] Despite dismissal, the allegations made in Counts III through VI may still be relevant to prove Plaintiff's other negligence claims. If Plaintiff chooses to amend her complaint, she may assert these allegations in other counts.

scope of employment." *Yusko*, 4 F.4th at 1169. For the employer to be held vicariously liable, its employee must be directly liable for negligence. *Mann v. Carnival Corp.*, 385 F. Supp. 3d 1278, 1288 (S.D. Fla. 2019), *report and recommendation adopted*, No. 18-21364-CIV, 2019 WL 2254963 (S.D. Fla. May 8, 2019) ("A principal cannot be held vicariously liable if a claim for negligence cannot be stated against its purported agent."); *Flaherty v. Royal Caribbean Cruises, Ltd.*, 172 F. Supp. 3d 1348, 1352 n.1 (S.D. Fla. 2016) (same). And as established above, an alleged tortfeasor cannot be directly liable for negligence under admiralty law unless she had notice of the dangerous conditions at issue. *Yusko, Ltd.*, 4 F.4th at 1167.

Taken together, these principles form a simple logic: for Plaintiff to make out a claim of vicarious liability for negligent failure to warn, she must allege that Defendant's employees are directly liable for negligent failure to warn. And to allege that Defendant's employees are directly liable for negligent failure to warn, she must allege that Defendant's employees had notice of the dangerous conditions at issue.[5] Because Plaintiff has failed to allege that Defendant's employees had notice of the dangerous conditions, Plaintiff's vicarious liability for negligent failure to warn claim (Count VI) is also dismissed for this reason.

**CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, [ECF No. 12], is **GRANTED IN PART AND DENIED IN PART**.

2. Counts III and IV of Plaintiff's Complaint, [ECF No. 1], are **DISMISSED with prejudice**. Counts V and VI are **DISMISSED with prejudice** to the extent that

[5] Plaintiff is correct that "notice to the cruise line is not an element" of a claim of vicarious liability for negligent failure to warn against a shipowner. *Yusko*, 4 F.4th at 1166. But she must still allege notice to Defendant's employees, even though notice to Defendant is not necessary.

they allege negligence arising from Defendant's or its employees' failure to impose or follow operational practices. Count VI is otherwise **DISMISSED without prejudice** for failure to state a claim.

3. Plaintiff shall have twenty (20) days from the date of this Order to file an Amended Complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of September, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE